UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,    )<br>        Plaintiff,                     )<br>                                          )<br>   vs.                                             )<br>                                          )<br>LASHONE OWENS a/k/a "The Russian",  )<br>a/k/a "Red.",                                    )<br>        Defendant.                    ) | 1:09-cr-0089-LJM-KPF |

**ORDER ON ANTHONY M. BOSWELL'S MOTION TO SET ASIDE A PORTION OF THE FINAL ORDER OF JUDGMENT AND PETITION TO STAY**

This matter comes before the Court on interested party's, Anthony M. Boswell ("Boswell"), Motion to Set Aside a Portion of the Final Order of Judgment ("Motion to Set Aside Forfeiture") (Dkt. No. 30) and Petition to Stay (Dkt. No. 32). The Court has considered the parties' arguments and rules as follows.

**I. BACKGROUND**

On September 1, 2009, then Chief Judge Hamilton issued a Preliminary Order of Forfeiture ("Preliminary Order") (Dkt. No. 23), forfeiting defendant's, Lashone Owens ("Owens"), interest in the real property located at 8701 Shetland Lane, Indianapolis, Indiana, 46278 (the "real property"). In addition to posting a public notice, plaintiff, the United States of America (the "United States"), sent two letters to Boswell (the "letter(s)"), which notified him of the Preliminary Order and referenced the applicable federal statute under which Boswell could request a hearing to contest the forfeiture, 21 U.S.C. § 853(n) ( "§ 853(n)"). Dkt. Nos. 33-1, -2. On September 3, 2009, the letter was received on

Boswell's behalf by Tammy Horton at the Marion County Jail, where Boswell was incarcerated. Dkt. No. 33-2. Similarly, on September 3, 2009, Boswell's wife received the letter at the real property. Dkt. No. 33-1.

The purpose of a § 853(n) hearing is to establish whether the petitioner is a bona fide purchaser for value of the real property who at the time of purchase was reasonably without cause to believe that the real property was subject to forfeiture. 21 U.S.C. § 853(c). Under 21 U.S.C. § 853(n)(2), after receiving the letters, Boswell had thirty days to file a petition for a § 853(n) hearing with the Court. On October 5, 2009, Boswell's attorney, Charles Richmond ("Richmond"), filed Boswell's petition. Dkt. No. 25. However, the petition was not signed under penalty of perjury, as is required by § 853(n)(3). *Id.*

In lieu of this defect, the United States filed a Motion to Dismiss Boswell's petition. Dkt. No. 26. Boswell did not respond to the United States' Motion, and on November 6, 2009, Judge Hamilton granted the United States' Motion to Dismiss. Dkt. No. 27. Eighteen days later, on November 24, 2009, Judge Hamilton issued a Final Order of Forfeiture ("Final Order"), which included the real property. Dkt. No. 29.

On December 18, 2009, twenty-five days after the Final Order issued, Boswell filed his Motion to Set Aside Forfeiture under Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). Dkt. No. 30. The Motion to Set Aside Forfeiture appears to be Boswell's attempt to remedy the defect in his original petition. *Id.* However, the Motion to Set Aside Forfeiture is still not signed under penalty of perjury, as required by 21 U.S.C. § 853(n)(3). *Id.* at 4.

On December 22, 2009, Boswell filed his Motion to Stay. Dkt. No. 32. The United States did not object to a stay of thirty days, or until February 4, 2010, notwithstanding

Federal Rule of Criminal Procedure 32.2(d) and 21 U.S.C. § 853(h), which only provide for a stay in the event that the criminal defendant appeals his conviction or the Final Order. Dkt. No. 34.

## II. STANDARD

Under Rule 60(b),

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect[.]

Fed. R. Civ. P. 60(b)(1).

"Relief under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances." *U.S. v. 8136 S. Dobson Street, Chicago, Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997) (internal quotation marks and citation omitted). The standard for reviewing whether neglect is "excusable" under Rule 60(b) is an equitable one, "taking account of all relevant circumstances surrounding the party's omission." *Lewis v. Sch. Dist. #70*, 523 F.3d 730, 740 (7th Cir. 2008) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993)). The "relevant circumstances" that the Court considers include: (1) the danger of prejudice (including future costs to be incurred by the non-moving party and the Court); (2) the reason for the oversight (specifically, whether it was within the reasonable control of Boswell or his attorney); and (3) whether Boswell acted in good faith. *McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir. 2008).

### III. <u>DISCUSSION</u>

It is undisputed that Boswell received timely notice of the requirements for filing a petition for a § 853(n) hearing.  *Cf. U.S. v. Estevez*, 845 F.2d 1409 (7th Cir. 1988) (holding that a third-party's failure to timely file his petition for a § 853(n) hearing was "excusable neglect" under Rule 60(b), where the government failed to provide adequate notice). Boswell puts forth two reasons for neglecting to sign his petition under penalty of perjury: (1) on the date Boswell's petition was filed, Richmond was ill with influenza and severe chronic asthma, and (2) on the date Boswell's petition was filed, Boswell was awaiting sentence in the Marion County jail.  Dkt. No. 30 ¶ 11.  In other words, Boswell asserts that the defect in his petition was "an inadvertent mistake[]."  *Id.* ¶ 10.  However, Boswell does not apprise the Court of the reason for his continued failure to sign the petition under penalty of perjury.  Dkt. No. 30 at 4.

The requirement that a third-party petition for a § 853(n) hearing must be signed under penalty of perjury is "not a mere technical requirement that we easily excuse."  *U.S. v. Commodity Account No. 549 54930 at Saul Stone & Co.*, 219 F.3d 595, 597 (7th Cir. 2000).  As the Second Circuit noted in *Mercado v. U.S. Customs Serv.*, "there is a substantial danger of false claims in forfeiture proceedings . . . ."  873 F.2d. 641, 645 (2d Cir. 1989); *see also U.S. v. U.S. Currency, in the Amount of $103,387.27*, 863 F.2d 555, 559 (7th Cir. 1988) (same).  Accordingly, "[r]equiring the claimant to sign personally under penalty of perjury serves the government's legitimate interest in protecting forfeited assets." *U.S. v. Speed Joyeros, S.A.*, 410 F.Supp.2d 121, 124 (E.D.N.Y. 2006).

The Court notes that Richmond may not be the most experienced federal litigator in the Southern District of Indiana. *See U.S. v. Brown*, 133 F.3d 993, 997 (7th Cir. 1998) (affirming the district court's finding that an inexperienced attorney's late filing of Brown's notice of appeal was "excusable neglect"). In addition, Richmond was ill on or about the date he filed Boswell's petition and Boswell was incarcerated at the time. However, there is no excuse for failing to follow the plain language of an unambiguous federal rule that the United States provided to Boswell in the two letters. *See In re United Airlines, Inc.*, 318 Fed. Appx. 429, 432 (7th Cir. 2009) (quoting *Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir. 1996) ("[A]n 'inability or refusal to read and comprehend the plain language of the federal rules' can never constitute excusable neglect.") In lieu of the rationale behind 21 U.S.C. § 853(n)(3), Boswell's continued failure to sign his petition under penalty of perjury is suspect, to say the least.

The United States has a legitimate interest in the real property and neither the United States nor the Court should bear the anticipated future expense of further litigation in this case. Rather, if Boswell indeed has a legitimate interest in the real property, he "may have the alternative remedy of an attorney malpractice action, which, unlike a successive Rule 60(b) motion, would limit the additional litigation costs to the clients and attorney accountable for the error." *Eskridge v. Cook County*, 577 F.3d 806, 810 (7th Cir. 2009). Accordingly, the Court **DENIES** Boswell's Motion to Set Aside Forfeiture. In addition, the Court, finding no reason for further delay in this matter, **DENIES** Boswell's Petition to Stay. Fed. R. Crim. P. 32.2(d); 21 U.S.C. § 853(h); Fed. R. Civ. P. 62(b)(4).

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** interested party's, Anthony M. Boswell, Motion to Set Aside a Portion of the Final Order of Judgment (Dkt. No. 30) and Petition to Stay (Dkt. No. 32).

IT IS SO ORDERED this 12th day of February, 2010.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Melanie C. Conour
UNITED STATES ATTORNEY'S OFFICE
melanie.conour@usdoj.gov

Dorothy Ann Hertzel
GILROY KAMMEN & HILL
doriehertzel@gmail.com

Michelle Patricia Jennings
UNITED STATES ATTORNEY'S OFFICE
michelle.jennings@usdoj.gov

Richard Kammen
GILROY, KAMMEN & HILL
rkamm@iquest.net

Charles Richmond
Blythe & Ost
cjjrichmond3@aol.com